**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JAQAYVION D. PITTMAN                                                    PETITIONER

v.                              NO. 4:25-cv-01167-KGB-PSH

DEXTER PAYNE                                                           RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

INTRODUCTION. In this case, filed pursuant to 28 U.S.C. 2254, petitioner JaQayvion D. Pittman ("Pittman") maintains that he is being denied any possibility of parole. Specifically, he maintains that he should be eligible for parole sometime in 2032 after serving seven years, or seventy percent, of his ten year sentence. It is recommended that this case be dismissed. To the extent he is challenging the voluntariness of his guilty plea, his claim is procedurally barred from federal court review. To the extent he is challenging the denial of any possibility of parole, his claim is also procedurally barred from federal court review.

BACKGROUND. Here, Pittman was charged in an Arkansas state trial court with felonies that included aggravated robbery, Ark. Code Ann. 5-12-103, felonies that occurred in 2024. He eventually agreed to plead guilty and signed a Guilty Plea Statement, one provision of which was as follows: "If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get you to enter this plea?" See Docket Entry 13, Exhibit 1 at CM/ECF 2. He answered "yes" to that question.

2

In 2025, Pittman appeared in open court to formally change his plea and be sentenced. See Docket Entry 13, Exhibit 2. As a part of accepting his change of plea and imposing sentence, the state trial court had the following exchange with him:

> THE COURT: And, Mr. Pittman, has there been any promise made to you as to what your parole eligibility will be?
>
> THE DEFENDANT: Can you repeat that again for me?
>
> THE COURT: I'm sorry?
>
> THE DEFENDANT: Can you repeat that again for me?
>
> THE COURT: Any, any promise – has anyone made any promise to you about what your parole eligibility will be on this 10 year – or, any of these ADC sentences?
>
> THE DEFENDANT: No, sir, not that I know of.
>
> THE COURT: And I'm sure you've discussed parole eligibility possibility, but you understand that no one can promise you when you'll be parole eligible?
>
> THE DEFENDANT: Yes, sir.

See Docket Entry 13, Exhibit 2 at CM/ECF 7. Pittman was sentenced to an aggregate term of ten years in the custody of the Arkansas Division of Correction ("ADC") with an additional five years suspended imposition of sentence.

Pittman entered ADC custody with the belief that he would be eligible for parole sometime in 2032 after serving seven years, or seventy percent, of his ten year sentence. At some point, he received an ADC sentence calculation that revealed he is ineligible for parole. He disputed the denial of any possibility of parole and attempted to resolve the dispute administratively by filing a grievance. His effort proved unsuccessful, as he was notified by an ADC official of the following:

> In your grievance dated 7/30/2025 you stated, "16-93-609 states any person found guilty of Section 5-[12]-103 Agg. Robbery and who has previously been found guilty of or pleaded no contendere to Agg Robbery 5-[12]-103 shall not be eligible for release on parole by [the] Post Prison Board. My charges/conviction were simultaneous not previous. It was part of my plea deal to do 70%. Prior to these convictions I've never been in trouble, charged or convicted. Please fix my time."
>
> Insofar as your commitment offense was after 1/1/24 your sentence is governed by ACA 16-93-1802. Your Time Card correctly reflects the sentence as certified to the Arkansas Department of Corrections by the Court.
>
> The Arkansas Department of Corrections is without authority to modify or correct a judgment of conviction and is required to administer the sentence imposed in your case, as certified by the Court. As such, any plea bargain or sentencing errors which you might allege to have occurred, would therefore have to be addressed by the Courts.

See Docket Entry 13, Exhibit 4 at CM/ECF 1.

Pittman thereafter filed a letter with the state trial court in which he challenged the denial of any possibility of parole. Specifically, he alleged the following in the letter:

> ... I'm writing ... because my plea agreement was to do 70% of the imposed 10 year sentence which calculated is 7 years mandatory before parole eligibility, was not correctly honored. ... I'm said to have committed these offenses [on or about] June 13, 2024. ... 16-93-609 ... very clearly state[s] the only way for Agg. Robbery to be 100% before the new law being placed in affect, which was 1/1/2025, was if you already had [a] prior conviction of the committed offense. Therefore, I personally should not be on 100% but 70%.

See Docket Entry 13, Exhibit 4 at CM/ECF 2 (emphasis in original). The court construed the letter as a motion/petition and denied it. The court gave the following reason for doing so:

> The defendant's guilty plea statement that he signed on March 5, 2025, very plainly reads, "If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get you to enter this plea? To which ... Pittman checked "yes" and placed his initials "JP" next to his response. Additionally, the Court asked ... Pittman during the plea if any promises concerning parole eligibility had been made to him. ... Pittman answered that no promises had been made.
>
> Additionally, as the State asserts, parole eligibility is solely within the province of the ADC.

The defendant's motion fails to state a legal basis upon which relief can be granted and is hereby denied.

See Docket Entry 13, Exhibit 5 at CM/ECF 1-2.

THIS CASE. Pittman did not appeal the denial of his motion/petition but instead filed this case. In the petition at bar, he challenged the denial of any possibility of parole, specifically alleging the following:

> My plea agreement stated that my sentencing would be under the law at the time and date of arrest for my offenses, which was the year 2024.
>
> To explain both Agg. Robbery on Class Y (which is my initial offense) would be on 70%, my theft of property class D would be on 1/3 [and] my possession of machine gun act Class U would be on ½ as of time served.
>
> ...
>
> When I received my commitment order from records, my sentence was altered with no legal authority by ... [ADC employees] ... My 5-12-103 Agg. Robbery (class Y) was enhanced from 70% to 100% illegally. I filed a request stating that, that is not the plea agreement the judge signed [and] sentenced me to.
>
> [An ADC employee] responded that "you are going to do 100% because you were convicted after 1/1/2025." She also stated "you had an enhancement that made it 100%." I responded the law that was in affect at the time the offense was committed which was 70% parole eligibility. 16-93-612 governs my sentence imposed in which my plea agreement was for. Also, stating my sentencing order had no enhancement or delayed release, nor habitual offender.

<u>See</u> Docket Entry 1 at CM/ECF 1-3 (emphasis in original). Pittman asked

that the ADC be ordered to correct his parole eligibility calculation so that

it conforms to a plea agreement and to the law in effect at the time he

committed the offenses, namely, <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-93-612 and 16-93-618.[1]

---

[1]    <u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-93-612 provides, in relevant part, the following:

> (a) A person's parole eligibility shall be determined by the laws in effect at the time of the offense for which he ... is sentenced to the Division of Correction.
>
> ...
>
> (e) For an offender serving a sentence for a felony committed on or after January 1, 1994, but before January 1, 2025, 16-93-614 governs that person's parole eligibility, unless otherwise noted and except:
>
>> (1) If the felony is ... aggravated robbery, 5-12-103, ... and the offense occurred after July 28, 1995, but before January 1, 2025, 16-93-618 governs that person's parole eligibility; ...

<u>Ark</u>. <u>Code</u> <u>Ann</u>. 16-93-618 provides, in relevant part, the following:

> (a)(1) Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, and subject to provisions requiring that an offender serve a greater percentage of his ... sentence in 16-93-609 or delayed release under 5-4-405, a person who ... pleads guilty ... to subdivisions (a)(1)(A)-(I) of this section for an offense committed before January 1, 2025, shall not be eligible for parole ... until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced, including a sentence prescribed under 5-4-501:
>
>> ...
>>
>> (C) Aggravated robbery, 5-12-103;
>>
>> ...

Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because Pittman's claim is procedurally barred from federal court review.[2] Payne additionally maintained that the petition should be dismissed because a challenge to a petitioner's parole eligibility is not cognizable in a habeas corpus proceeding and, alternatively, Pittman's claim is without merit.

Pittman filed a reply and largely repeated the assertions he made in his petition. The reply is noteworthy because he added a claim of ineffective assistance of counsel. Specifically, Pittman maintained that counsel provided erroneous advice about parole eligibility, telling Pittman that he would only serve "[seventy] percent [of his ten year sentence] ..." See Docket Entry 15 at CM/ECF 3. Pittman maintained that had he known he would "get to [the] ADC and they would put [him] under 100%, [he] never would have plead[ed] out and [taken] the deal." See Docket Entry 15 at CM/ECF 3.

---

[2]     As to that issue, Payne maintained, in part, the following:

> Here, Pittman initially presented his parole eligibility claims to the state court via a letter which the court treated as a post-conviction motion. After the court denied the motion, Pittman did not appeal or seek any further relief. This was not enough to exhaust Pittman's claims in state court; one "full round" of litigation includes direct review of the trial court's decision, which he did not seek. ...

See Docket Entry 13 at CM/ECF 3-4.

CONSTRUCTION OF THE PETITION. Liberally construing Pittman's pro se petition, it is possible to construe it more than one way. It is possible to construe the petition as a challenge to his guilty plea, that his plea was not voluntarily entered. It is also possible to construe the petition as a challenge to his entitlement to the possibility of parole. Specifically, the petition can be construed as a challenge to the denial of any possibility of parole, that he is being denied any possibility of parole when he should only be required to serve seven years, or seventy percent, of his ten year sentence before becoming eligible for parole. Out of an abundance of caution, the undersigned will construe the petition as challenging both the voluntariness of his guilty plea and the denial of any possibility of parole.

PITTMAN'S GUILTY PLEA. Liberally construing Pittman's petition, he challenges his guilty plea on two grounds. First, he maintains that he was not apprised of his ineligibility of parole, as it was his understanding at the time he pleaded guilty that he would only serve seven years, or seventy percent, of his ten year sentence before becoming eligible for parole. Second, Pittman maintains that the State failed to honor a representation in a plea agreement, and to follow the law in effect at the time he committed the offenses, that he would be eligible for parole after serving seven years, or seventy percent, of his ten year sentence.

A petitioner is required to raise each claim for relief at each step in the state courts in order to avoid a procedural default once he arrives in federal court by means of a petition pursuant to 28 U.S.C. 2254. See Moore v. Eberhard, No. 4:13-cv-00074-KGB, 2014 WL 948500 (E.D.Ark. Mar. 11, 2014). See also Marcyniuk v. Payne, 39 F.4th 988 (8th Cir. 2022) (if petitioner fails to present claim to state courts, claim is generally defaulted.) "The failure to appeal from the trial court's denial of post-conviction relief represents a break in the chain and results in denying the state courts the full opportunity to address the claim[]." See Moore v. Eberhard, 2014 WL 948500, 5. See also Williamson v. Jones, 936 F.2d 1000 (8th Cir.1991) (petitioner's failure to pursue claim in state post-conviction appeal results in procedural bar to federal habeas corpus relief). A defaulted claim cannot be considered by the federal courts unless the petitioner can show "cause and prejudice to excuse the default." See Marcyniuk v. Payne, 39 F.4th at 995 (internal quotation marks and citations omitted). The defaulted claim can also be considered if the failure to consider it will result in a fundamental miscarriage of justice, that is, "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (internal quotation marks and citations omitted).

In Pittman's letter to the state trial court, he challenged the denial of any possibility of parole. The court construed the letter as a motion/petition and addressed the submission in two ways: first, by finding that his guilty plea was not involuntary because no promises were made to him regarding parole eligibility, and second, by finding that the parole eligibility question would not be considered because the question is "solely within the province of the ADC." See Docket Entry 13, Exhibit 5 at CM/ECF 2. Pittman did not appeal the adverse ruling, and the time for doing so has now passed. Because he failed to appeal the ruling, a procedural default has arisen. The only questions are whether his default can be excused and whether the failure to consider the claim will result in a fundamental miscarriage of justice.

As cause for the procedural default, Pittman offers his pro se status and lack of legal training, noting that he was only eighteen years old and a recent high school graduate when he committed the offenses. He also offers as cause his attorney's ineffective representation.

Pittman's reliance on his pro se status and lack of legal training is unavailing as cause for his procedural default. "[A] petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently

11

external to constitute cause excusing a procedural default." See Boyd v. Kelley, No. 5:17-cv-00325-DPM-JTK, 2019 WL 2866499, 5 (E.D.Ark. May 6, 2019), report and recommendation adopted, No. 5:17-cv-00325-DPM, 2019 WL 2864750 (E.D.Ark. July 2, 2019).

Ineffective assistance of counsel can, though, excuse a procedural default. Before ineffective assistance of counsel can be used, the assertion must be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D.Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D.Ark. Dec. 21, 2017). Here, Pittman never presented ineffective assistance of counsel to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of counsel to establish cause for his procedural default.

Notwithstanding the foregoing, Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an initial-review collateral proceeding. In that case, the United States Supreme Court held that the lack of counsel in a post-conviction proceeding may excuse the default of a substantial claim of ineffective assistance of counsel at trial. The Martinez exception, though, is of no benefit to Pittman for at least two reasons.

12

First, Pittman's claim is not a claim of ineffective assistance of trial counsel. It is instead a challenge to the voluntariness of his guilty plea. The undersigned knows of no authority for the proposition that <u>Martinez</u> can resuscitate a challenge to the voluntariness of a guilty plea. <u>See</u> <u>Slocum v. Kelley</u>, No. 5:14-cv-00163-JM-JTK, 2015 WL 1789027 (E.D.Ark. Apr. 15, 2015) (<u>Martinez</u> exception only applies to ineffective assistance of trial counsel claim).

Second, to the extent Pittman's claim can be construed to include a challenge to trial counsel's representation, that counsel failed to advise Pittman he was ineligible for parole, the claim is not substantial.[3] The claim is not substantial because it has no merit. As the state trial court found, Pittman's claim is belied by the Guilty Plea Statement and his statement at the sentencing hearing that no promises or assurances were made to him about his entitlement to parole or about his parole eligibility. There is also no evidence of a plea agreement attesting to his eligibility for parole after serving seven years, or seventy percent, of his ten year sentence.

---

[3]    <u>Martinez</u> requires a claim of ineffective assistance of trial counsel be "substantial," that the claim have "some merit" and be supported by "some facts." <u>See</u> <u>Brickey v. Kelley</u>, No. 5:16-cv-00150-BSM-JTR, 2017 WL 1230850, 4 (E.D.Ark. Feb. 24, 2017), report and recommendation adopted, No. 5:16-cv-00150-BSM, 2017 WL 1230851 (E.D.Ark. Apr. 3, 2017) (quoting <u>Martinez</u>, 566 U.S. at 14-16).

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. See Briggs v. Kelley, No. 4:18-cv-00768-BRW-JJV, 2018 WL 6497888 (E.D.Ark. Nov. 15, 2018), report and recommendation adopted, No. 4:18-cv-00768-BRW, 2018 WL 6492599 (E.D.Ark. Dec. 10, 2018) (citing McQuiggin v. Perkins, 569 U.S. 383 (2013)). The petitioner must show "(1) new and reliable evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him." See Briggs v. Kelley, 2018 WL 6497888, 3 (emphasis omitted) (quoting Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997)).

Here, Pittman has failed to make the requisite showing. He has not offered new, reliable evidence that "affirmatively demonstrates ... he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

On the basis of the foregoing, the undersigned finds that Pittman failed to give the state courts an opportunity to address his challenge to the voluntariness of his guilty plea. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if his claim is not considered. The claim is therefore procedurally barred from federal court review.

PITTMAN'S ENTITLEMENT TO THE POSSIBILITY OF PAROLE. Liberally construing Pittman's petition, he also challenges his entitlement to the possibility of parole. He maintains that he is being denied any possibility of parole when he should only be required to serve seven years, or seventy percent, of his ten year sentence before becoming eligible for parole.

In Pittman's letter to the state trial court, he also challenged the denial of any possibility of parole. The court construed the letter as a motion/petition and found that the parole eligibility question would not be considered because it is "solely within the province of the ADC." See Docket Entry 13, Exhibit 5 at CM/ECF 2. Pittman did not appeal the adverse ruling, and the time for doing so has now passed. Because he failed to appeal the ruling, a procedural default has arisen. The only questions are whether his default can be excused and whether the failure to consider the claim at bar will result in a fundamental miscarriage of justice.

The undersigned will not repeat the procedural bar analysis set forth above, but it is equally applicable to Pittman's challenge to his parole eligibility. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claim is not considered. His claim that he is being denied parole eligibility is procedurally barred from federal court review.

<u>NEW CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL</u>. In Pittman's reply, he raised a claim of ineffective assistance of counsel. He specifically maintained that counsel provided erroneous advice about parole eligibility, telling Pittman that he would only serve "[seventy] percent [of his ten year sentence] ..." <u>See</u> Docket Entry 15 at CM/ECF 3. Pittman maintained that had he known he would "get to [the] ADC and they would put [him] under 100%, [he] never would have plead[ed] out and [taken] the deal." <u>See</u> Docket Entry 15 at CM/ECF 3.

The claim warrants no relief for at least three reasons. First, the claim was not raised until Pittman filed his reply, and Payne never had an opportunity to file a response to the claim. Second, Pittman never raised the claim in state court, and for the same reasons outlined above, the claim is procedurally barred from federal court review. Third, notwithstanding the foregoing, the claim is contradicted by the following: (1) the Guilty Plea Statement in which he acknowledged that "no one ... made [him] any promises regarding parole eligibility," <u>see</u> Docket Entry 13, Exhibit 1 at CM/ECF 2; and (2) his statement at the sentencing hearing that no one promised him what his parole eligibility might be. There is also no evidence of a plea agreement attesting to his eligibility for parole after serving seven years, or seventy percent, of his ten year sentence.

16

RECOMMENDATION. Given the foregoing, it is recommended that Pittman's petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In so recommending, the undersigned takes no position on the merits of Pittman's claim that his entitlement to the possibility of parole is governed by the law in effect at the time he committed the offenses, namely, Ark. Code Ann. 16-93-612 and 16-93-618, and he should be eligible for parole sometime in 2032 after serving seven years, or seventy percent, of his ten year sentence. The claim might be a violation of state law, but the federal courts cannot correct the violation. See Estelle v. McGuire, 502 U.S. 62 (1991) (federal habeas corpus relief does not lie for errors of state law). The claim does not rise to the level of a federal constitutional violation, as "he does not have a liberty interest in the possibility of conditional release prior to the expiration of his sentence." See Williams v. Payne, No. 4:21-cv-00577-JJV, 2021 WL 5183640, 2 (E.D.Ark. Nov. 8, 2021) (citations omitted). See also Jones v. Kelley, No. 5:19-cv-00099-BRW-JVV, 2019 WL 3194831 (E.D.Ark. June 20, 2019), report and recommendation adopted, No. 5:19-cv-00099-BRW, 2019 WL 3137499 (E.D.Ark. July 15, 2019) (although state may create federally protected liberty interest in establishing parole system, State of Arkansas has not done so).

17

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not persuaded that Pittman can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 9th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE